UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re:

GLIEE V. GUNSALUS and
BRIAN L. GUNSALUS. SR.,


                Debtors,
-----------------------------------------------------------x     **COMPLAINT**

GLIEE V. GUNSALUS and     **ADVERSARY PROCEEDING**
BRIAN L. GUNSALUS SR.,
1338 White Road     **BK#: 17-20445**
Phelps, New York 14532

    **AP#:** _____

SSN: xxx-xx-0834
SSN: xxx-xx-8715
        Plaintiffs,

    -against-

COUNTY OF ONTARIO, NEW YORK, and
"JOHN DOE" and "JANE DOE", said names
being fictitious, it being the intention of Plaintiffs
to name any third-party purchaser of Plaintiffs'
home at 1338 White Road, Phelps, NY 14532
during the property tax foreclosure auction
scheduled by Ontario County at 2914 County
Road 48, Canandaigua, NY 14424 at
7 p.m., May 17, 2017

        Defendants
-----------------------------------------------------------x

## I. PRELIMINARY STATEMENT

1.     This is an adversary proceeding by Plaintiffs GLIEE V. GUNSALUS and BRIAN

L. GUNSALUS SR., (hereafter, "debtors") against Defendant ONTARIO COUNTY (hereafter,

"Ontario County") to avoid the tax foreclosure of their home as a fraudulent conveyance,

pursuant to 11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 522(h). Ontario County obtained a

1

judgment of foreclosure due to property tax arrears of $1,236.52, far less than the value of the property. Ontario County assessed the home at $45,000, as of the redemption date. This amount has been provisionally used by Debtors in their Chapter 13 filing.

2. On April 28, 2017, Debtors filed a Chapter 13 plan which provides for full repayment of the property tax arrears as well as the full payment of a debt owed for their personal vehicle and a 20 percent repayment of debts owed to unsecured creditors. In bringing this action, Debtors seek to preserve their housing and bring an asset back into the estate for the benefit of their creditors.

3. Debtors seek a judgment from this Court avoiding the transfer of title to debtors' home to Ontario County or to any other successors in interest to Ontario County, and restoring debtors' ownership and possessory rights to their home.

4. Ontario County has scheduled a property tax foreclosure auction of Debtors' home for 7 p.m., on Wednesday, May 17, 2017, at the Ontario County Training Facility, 2914 County Road 48, Canandaigua, NY 14424.

## II. JURISDICTION

5. On April 28, 2017, Debtors filed a petition in the above-captioned proceeding under Chapter 13 of the U.S. Bankruptcy Act.

6. Debtors claimed their home as an exempt asset pursuant to 11 U.S.C. § 522(d)(1).

7. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E) and (H).

8. The Court has jurisdiction over applications to avoid a transfer of an asset for less than reasonably equivalent value if the debtor was insolvent or rendered insolvent as of the date of the transfer. 11 U.S.C. §548(a)(1)(B); 11 U.S.C. §522(h).

2

## III. PARTIES

9. Plaintiffs are the Debtors GLIEE V. GUNSALUS, age 57 and BRIAN L. GUNSALUS SR, age 50. They are a low-income household whose family has owned the subject premises for multiple generations.

10. Defendant ONTARIO COUNTY is a duly constituted county located in New York State. The responsibilities of Ontario County include collecting taxes assessed on real property within the county.

11. Defendants JOHN DOE and JANE DOE are fictitious names, intending to designate any third-party purchaser of Debtors' home at 1338 White Road, Phelps, NY 14532 during the property tax foreclosure auction scheduled by Ontario County at 2914 County Road 48, Canandaigua, NY 14424 at 7:00 p.m., May 17, 2017.

## IV. STATUTORY FRAMEWORK

12. Ontario County is subject to Article 11 of the New York State Real Property Tax Law (NYRPTL) as it has not exercised an option to opt out of this article.

13. Under Article 11 of the New York Real Property Tax Law (NYRPTL), a judgment of foreclosure obtained by the County results in the loss of ownership of such property and all rights in that property by the homeowners in favor of the County. NYRPTL §§ 1136(2) and (3).

14. Ontario County has not adopted any procedures to allow homeowners to apply for a repayment plan for property tax arrearages, as may be allowed under NYRPTL § 1184. Ontario County likewise has not adopted any procedures for permitting a homeowner to redeem after the deadline.

15. Under Article 11 of the NYRPTL, homeowners do not receive any reimbursement from the sale of their home at the tax foreclosure auction, regardless of the amount that is paid to the county at the auction. The amount received at the auction is for the benefit of the county and not for the benefit of the homeowner.

16. Bankruptcy Courts in this District have held that for bankruptcy purposes, the date of transfer of ownership in an in rem tax foreclosure proceeding under Article 11 of the NYRPTL is the date the homeowner has defaulted in the in rem proceeding by failing to answer. or the date a judgment of foreclosure is taken. The recording of the deed has been held to be ministerial.

17. The Chapter 13 Trustee may avoid any transfer by a debtor, whether voluntary or involuntary, that was made within 2 years of the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange for such transfer and was insolvent on the date of such transfer. 11 U.S.C. §§ 548(a)(1)(B)(i) and ii(I).

## V. STATEMENT OF FACTS

**A.** **Subject Premises and Debtor's Household**

18. The subject property consists of a single family home situated on 1.4 acres, located at 1338 White Road, Village of Phelps, Ontario County, New York. This property is designated as Ontario County property tax parcel 36.03-1-6.100.

19. At the time the tax foreclosure was commenced in 2015, the subject property was assessed at $45,000, which amount has been provisionally used by Debtors in their Chapter 13 filing. As of 2017, the tax assessment is being raised to $50,000.

4

20. Debtor Gliee V. Gunsalus has lived in the subject property her entire life. Before 2002, the home was owned by other members of her family. The subject property is Debtors' only residence. They own no other real property.

21. Debtors' household consists of Gliee V. Gunsalus, and her husband, Brian Gunsalus, Sr. They care for their disabled adult son, Brian Gunsalus, Jr., age 23, who contributes the vast majority of his SSI income of $735 a month to the household.

22. Debtor Gliee V. Gunsalus works for the Ontario County ARC. Debtor Gliee Gunsalus earned $11,308 in 2016 from her employment.

23. Debtor Brian Gunsalus, Sr., is disabled. He needs to use crutches or a wheelchair to ambulate due to his disability. Debtors' home has been specifically modified to accommodate Debtor Brian Gunsalus Sr.'s disabilities. Debtor Brian Gunsalus, Sr. receives Social Security Disability and Supplemental Security Income benefits, which combined average approximately $596.80 per month, depending on Debtor Gliee Gunsalus' pay.

B. **Debtors' efforts to redeem and the State Court proceedings**

24. Debtors fell behind on their 2014 and 2015 County and Town property taxes. During this period, Gliee V. Gunsalus had a temporary reduction in hours and then was laid off and experienced a corresponding reduction in income. Since then, Gliee V. Gunsalus' employment and income have stabilized, and the Debtors can afford on an on-going basis, to make the necessary payments to remain in their home.

25. Debtors notified Ontario County of their financial hardships before, during, and after the tax foreclosure proceeding. The Debtors proactively sought remedies to avoid a tax foreclosure, including seeking a repayment plan. Ontario County steadfastly rebuffed all of Debtors' attempts to pay off the arrearage and preserve their home.

26. During this temporary hardship, Debtors did everything in their power to meet the deadline to redeem when they fell behind. Debtors sought a repayment plan, but Ontario County does not offer a repayment plan. Debtors sought the assistance of Legal Assistance of Western New York in May 2015 regarding their tax delinquency. Moreover, the Debtors continued to pay their school tax bills and later county/town tax bills, limiting the amount of the tax arrears to $1,236.52 at the deadline to redeem.

27. On October 2, 2015, Ontario County commenced an in rem proceeding under Article 11 of the NYRPTL to foreclose on the home of debtors for the unpaid 2014/2015 property taxes totaling $1,236.52. Ontario County commenced the proceeding by filing a Petition of Foreclosure pursuant to NYRPTL § 1123. The Petition of Foreclosure listed January 15, 2016 as the deadline to redeem.

28. Through their counsel at Legal Assistance of Western New York, the Debtors had applied in September 2015 to the New York State Mortgage Assistance Program (hereinafter "MAP"), which provides last-resort, means-tested loans to eligible New York homeowners at risk of tax and mortgage foreclosure. On January 11, 2016, the MAP application was approved subject to a final title report.

29. In order to finalize the MAP closing, the Debtors only needed to obtain a letter or other documentation that an old private mortgage had been satisfied. This was a mortgage from Eleanor Brignall, Debtor Gliee Gunsalus' aunt.

30. On January 13, 2016, Eleanor Brignall unexpectedly died. This was during the four-day period between when MAP approved the Debtors for a loan and before the deadline to redeem on January 15, 2016. Due to her sudden death on January 13, 2016, MAP did not have the required documentation to close the loan before the deadline to redeem.

31. Though the Debtors had been approved for a loan through a New York State program specifically for the purpose of saving homes from tax foreclosure, and despite the exigent circumstances, Ontario County refused to extend the deadline to redeem to permit debtors to submit to MAP the necessary documentation concerning the satisfaction of the mortgage.

32. On January 15, 2016, Debtor Gliee Gunsalus filed a timely answer in the in rem proceeding.

33. Debtors applied to County Court of Ontario County for an extension of the deadline to redeem.

34. Ontario County opposed the application. Ontario County has not adopted any procedures for permitting a homeowner to redeem after the deadline, regardless of circumstances.

35. On June 1, 2016, the County Court denied debtors' application for an extension of time to redeem and granted a judgment of foreclosure to Ontario County, pursuant to NYRPTL §§ 1136(2) and (3).

36. The judgment of foreclosure awarded Ontario County possession of the debtors' home. The judgment authorized Ontario County to record a deed conveying to Ontario County full and complete title to their home and barring debtors from any right, title, interest, claim, lien or equity of redemption in their home,

37. Ontario County has not recorded a deed pursuant to the judgment.

38. After Ontario County refused to extend the deadline to redeem, Ontario County nevertheless continued to bill the Debtors for on-going property taxes, which the Debtors have paid. Since the deadline to redeem of January 15, 2016, the debtors have paid all the taxes assessed against their home.

7

Case 2-17-20445-PRW, Doc 15, Filed 05/03/17, Entered 05/03/17 16:11:53, Description: Main Document, Page 7 of 13

39. On or about February 2016, prior to entry of the judgment of foreclosure, Debtors paid the 2016 Town and County taxes assessed against their home in the amount of $429.31.

40. On or about October 1, 2016, after entry of the judgment of foreclosure, Debtors paid the 2016-2017 school taxes assessed against their home in the amount of $370.37 plus a $7.41 fee.

41. On or about March 2017, Debtors paid the 2017 Town and County taxes assessed against their home in the amount of $427.74.

42. Ontario County has included Debtors' home in the list of parcels to be sold at a tax foreclosure auction scheduled for 7:00 p.m. Wednesday, May 17, 2017 at the Ontario County Training Facility, 2914 County Road 48, Canandaigua, NY 14424.

43. Ontario County has placed a lawn sign in front of Debtors' home stating that the home is to be sold at the auction.

C. **Bankruptcy Court Proceedings**

44. On April 28, 2017, debtors filed the above captioned Chapter 13 proceeding.

45. Debtors propose in their Chapter 13 Plan to pay 100% of the property tax arrears of $1,236.52 assessed by Ontario County.

46. Debtors proposed in their Chapter 13 Plan to restructure their high interest car payments and to pay 20% of the claims of their unsecured creditors. Debtors propose payments to the Chapter 13 Trustee through a wage order.

47. Debtors have claimed their home as exempt pursuant to 11 U.S.C. § 522(d)(1).

48. Debtors assert that retention of their home is essential for their reorganization. Debtors are a very low-income household. Debtors' current housing maintenance costs are approximately $149.75 per month.

8

Case 2-17-20445-PRW, Doc 15, Filed 05/03/17, Entered 05/03/17 16:11:53, Description: Main Document , Page 8 of 13

49. Debtors are seeking to avoid the transfer of their familial home in order to preserve their home and thereby pay off their creditors through the Chapter 13 plan which was filed on April 28, 2017. If the transfer of the Gunsalus family home is allowed to stand, one creditor, Ontario County, will benefit at the expense of the other creditors.

50. The Chapter 13 Trustee has not attempted to set aside the transfer of debtors' home to Ontario County, pursuant to 11 U.S.C. § 548(a)(1)(B)  On May 1, 2017, counsel for the Debtors inquired of the Chapter 13 Trustee, George Reiber, whether his office would seek to avoid the transfer. On May 1, 2017, his office declined to do so. Debtors assert the power to step into the shoes of the Trustee to avoid the transfer under 11 U.S.C. § 522(h).

D. **The tax foreclosure of Debtors' home was a fraudulent transfer**

*i.  The Debtors have an interest in the property*

51. The subject property consists of a single family home located at 1338 White Road, Village of Phelps, Ontario County, New York.

52. Debtors own this property by virtue of a deed, dated July 16, 2002, recorded in the Ontario County Clerk's Office at Liber 01079 at page 915.

53. Debtors' home is not encumbered by any outstanding judgments or liens other than the property tax lien. The Debtors had a private mortgage held by Debtor Gliee Gunsalus' now-deceased aunt, Eleanor Brignall. Her will provided that any mortgage balance was to be forgiven in the event of her death. Though no satisfaction was filed before her death, Debtors assert that the property is free and clear of a mortgage.

9

### ii. *The transfer of Debtors' interest occurred within two years of their filing of the bankruptcy*

54. On June 1, 2016, Ontario County Court granted Ontario County a judgment of foreclosure in the *in rem* proceeding, which Ontario County filed against debtors' home for unpaid taxes.

55. On April 28, 2017, Debtors filed the above-captioned Chapter 13 petition, which is within two years of their filing of bankruptcy.

### iii. *The transfer was without reasonably equivalent value*

56. At the time of the deadline to redeem, Ontario County assessed property taxes on debtors' home based on an assessed value of $45,000. As of 2017, the property tax assessment on Debtors' home is being raised to $50,000.

57. Ontario County foreclosed on debtors' home for unpaid property taxes of $1,236.52.

58. Under Article 11 of the NYRPTL, Debtors' will not receive any reimbursement from the sale of their home at the tax foreclosure auction, regardless of the amount that is paid to Ontario County.

59. Under Article 11 of the NYRPTL, Ontario County will instead retain any surplus over the property tax arrears from the sale of Debtors' home.

### iv. *The debtors were rendered insolvent by the transfer*

60. Debtors were insolvent or were rendered insolvent by the transfer of their home. At the time of the transfer, the value of their debts outweighed the value of their non-exempt assets. Their assets and liabilities are set forth in the schedules of their Chapter 13 filing and reflect the debtors' financial status as of the date of transfer.

# VI. CLAIMS FOR RELIEF

A. **First Claim for Relief, as to Defendant Ontario County**

61. Ontario County is subject to Article 11 of the New York State Real Property Tax Law (NYRPTL) as it has not exercised an option to opt out of this article.

62. Under Article 11 of the NYRPTL, a judgment of foreclosure obtained by the County results in the loss of ownership of such property and all rights in that property by the Debtors in favor of the County. NYRPTL §§ 1136(2) and (3).

63. Debtors are entitled to avoidance of the transfer of their home by tax foreclosure pursuant to 11 U.S.C § 522(h), as the transfer could have been avoided by the trustee under 11 U.S.C § 548(a)(1)(B) and because the trustee has not attempted to avoid the transfer.

64. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Chapter 13 Trustee may avoid any transfer by the debtor, whether voluntary or involuntary, that was made within 2 years of the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange for such transfer and was insolvent on the date of such transfer.

65. Debtors have claimed their home as exempt pursuant to 11 USC § 522(d)(1). The federal homestead exemption, when claimed in a Chapter 13 proceeding, is applicable to avoidance of transfer of homesteads in property tax foreclosures.

66. Debtors filed a Chapter 13 repayment plan on April 28, 2017, within two years of the transfer.

67. The transfer of title to Debtors' home, pursuant to a judgment obtained by defendant Ontario County, dated June 1, 2016, as a result of unpaid property taxes assessed against Debtors' home in the amount of approximately $1,236.52, was not for reasonably equivalent value.

68. The transfer of the Debtors' home to Ontario County was involuntary and without reasonably equivalent value. The transfer rendered debtors insolvent.

B. **Second Claim for Relief, As to Defendant "John Doe" and "Jane Doe"**

69. Debtors repeat and allege paragraphs 1-68 above.

70. Debtors' claims against defendant Ontario County are applicable to any "John Doe" or "Jane Doe" purchaser of Debtors' home at the property tax foreclosure auction scheduled for May 17, 2017 by Ontario County.

WHEREFORE, Debtors, the plaintiffs herein, respectfully request that the Court enter judgment against Defendant Ontario County:

1. Avoiding the transfer of title to debtors' home as set forth in the final judgment obtained on June 1, 2016 by defendant Ontario County, in the *in rem* property tax foreclosure, brought against debtors' home for unpaid property taxes;

2. Avoiding the transfer of title to debtors' home to any "John Doe" and "Jane Doe" purchasers of their home at the property tax foreclosure auction, scheduled by Ontario County, for May 17, 2017 and avoiding such transfer of title to any other successors in interest to Ontario County;

3. Restoring Debtors' ownership and possessory rights to their home, as set forth in the deed dated July 16, 2002, recorded in the Ontario County Clerk's office at Liber 01079 at page 0915, subject to their Chapter 13 plan, filed on April 28, 2017; and

4. Granting Debtors such other and further relief as may be deemed just and proper.

DATED: May 3, 2017 /s/ Mark H. Wattenberg
          Bath, New York                     _____
                                              Legal Assistance of Western New York, Inc.
                                              Attorneys for Plaintiff/Debtors Gliee V. Gunsalus and Brian L. Gunsalus Sr.
                                              Mark H. Wattenberg, of Counsel
                                              16 West William Street
                                              PO Box 272
                                              Bath, New York 14810
                                              Tel: (607) 776-4126
                                              Email: mwattenberg@lawny.org